**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Lynn Moon, | No. CV-18-00524-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company SI, | |
| Defendant. | |

Pending before the Court are Plaintiff Barry Lynn Moon's ("Moon") Motion to Remand, (Doc. 18), and Defendant American Family Mutual Insurance Company SI's ("American Family") Motion for Change of Venue Pursuant to 28 U.S.C. § 1404, (Doc. 7). Both parties have responded, (Doc. 22 & 23), and replied (Doc. 26 & 28).

## I. Background

In January of 2018, Moon, an insured, brought breach of contract and bad faith claims against American Family, his insurer, in Maricopa County Superior Court. (Doc. 1-1 at 1–7). Moon claims that American Family is obligated to pay the $55,785.22 he incurred defending, and ultimately settling, a negligence claim, as well as costs and attorneys' fees incurred in compelling American Family to comply with his insurance policy. (Doc. 1-1 at 5–7).

In February of 2018, American Family removed the case to this Court. (Doc. 1). Moon now seeks to remand to Maricopa County Superior Court, arguing that this Court lacks subject-matter jurisdiction because American Family has failed to plead a sufficient

amount in controversy to establish diversity jurisdiction. (Doc. 18).

## II. Legal Standard

Under Article III, this Court's exercise of judicial power is contingent upon the presence of subject-matter jurisdiction. *See* U.S. Const. art. III, § 2. One such form of jurisdiction is diversity jurisdiction, *see id.*; 28 U.S.C. § 1332, which exists where the parties are of completely diverse citizenship and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

In a removed case, "[t]here is a strong presumption that the plaintiff has not claimed a large [enough] amount in order to confer jurisdiction on a federal court." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). Accordingly, the defendant bears the burden of establishing that the amount-in-controversy requirement is met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); 28 U.S.C. § 1446(c)(2)(B). "Conclusory allegations as to the amount in controversy are insufficient." *Chavez v. JPMorgan Chase & Co.*, No. 16-55957, 2018 WL 1882908, at *2 (9th Cir. Apr. 20, 2018) (quoting *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017)).

## III. Discussion

The parties agree that they are completely diverse, as Moon is a citizen of Arizona and American Family is a citizen of Wisconsin. *See* (Doc. 23 at 2).[1] Therefore, the only issue is whether American Family has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

American Family argues that the amount-in-controversy requirement is satisfied, because: (1) Moon's complaint alleges that he paid $15,000 to settle his negligence suit and that he incurred $55,785.22 in attorneys' fees and costs, totaling $70,785.22; (2) Moon seeks pre- and post-judgment interest, totaling $12,400; and (3) Moon seeks attorneys' fees incurred in the present action and punitive damages. (Doc. 23 at 2–4); *see*

---

[1] Although Moon challenged diversity of citizenship in his original motion to remand, (Doc. 18 at 1–3), he conceded this point his reply, (Doc. 28 at 1).

(Doc. 1 at 2). Accordingly, American Family claims, the amount in controversy is "at least $83,000." (Doc. 23 at 4). These three arguments will be considered in turn.

### A. Compensatory Damages

First, American Family's argument that Moon's claimed damages total $70,785.22 misunderstands the complaint. Moon's claimed damages of $55,785.22 included the Settlement Amount of $15,000. (Doc. 1-1 at 5, 7). Therefore, American Family erred in double counting the settlement amount, and Moon only seeks $55,785.22 in compensatory damages.

### B. Interest

Second, the amount Moon seeks in interest will not be considered in calculating the amount in controversy, because that amount is "exclusive of interest." 28 U.S.C. § 1332(a); *see Manone v. Farm Bureau Prop. & Cas. Co.*, No. CV-15-08003-PCT-JAT, 2016 WL 1059539, at *4 (D. Ariz. Mar. 17, 2016) (interest that is "merely incidental" to a claim and "arises solely due to delay in payment of" an obligation is not included in the amount in controversy).

### C. Attorneys' Fees and Punitive Damages

Third, American Family's claim that the amount-in-controversy requirement is satisfied, because the sum of attorneys' fees, punitive damages, and compensatory damages exceeds $75,000, is unavailing.

Attorneys' fees, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998),[2] and punitive damages, *see Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943), may be considered in totaling the amount in controversy where provided for by substantive law, as they are here, *see* A.R.S. § 12-341.01 (attorneys' fees); *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987) (punitive damages). Mere speculation, however, that attorneys' fees or punitive damages will be

---

[2] The Court does not resolve the issue of "whether attorney[s'] fees that are anticipated but unaccrued at the time of removal or filing in federal court . . . may be included in the amount-in-controversy," because American Family proffers no evidence regarding either accrued or unaccrued attorneys' fees deriving from the present action. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016).

awarded solely because they are available under substantive law is insufficient to satisfy American Family's burden. *See Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012).

Initially, assuming attorneys' fees will ultimately be awarded, American Family provides no evidence as to the anticipated amount of fees. Accordingly, American Family has failed to show that such fees contribute to the amount in controversy.

Furthermore, although this Court can consider substantially similar cases in determining whether punitive damages will be awarded in a particular case, American Family does not sufficiently explain why the single case it cites, *Hoarau v. Safeco Ins. Co. of Am.*, No. CV-17-01594-PHX-JJT, 2017 WL 3328078 (D. Ariz. Aug. 4, 2017), is relevant to the present case. *See* (Doc. 23 at 3–4). American Family merely block quotes *Hoarau* without further analysis, which is insufficient to explain why the Court should consider punitive damages in determining whether the amount-in-controversy requirement is satisfied. *See Gordon v. Allstate Ins. Co.*, No. CV-09-1828-PHX-MHM, 2010 WL 1949164, at *3 (D. Ariz. May 13, 2010) (holding that a defendant must cite specific facts in substantially similar cases to justify including punitive damages in the amount-in-controversy calculation). Accordingly, American Family has not shown that punitive damages can be appropriately considered in calculating the amount in controversy.

## IV. Conclusion

Ultimately, American Family has only been able to show by a preponderance of the evidence that the amount in controversy is $55,785.22. Accordingly, this Court lacks subject-matter jurisdiction and is obligated to remand the case to Maricopa County Superior Court.

Based on the foregoing,

**IT IS ORDERED** that Moon's Motion to Remand, (Doc. 18), is **GRANTED**. This case is remanded to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that American Family's Motion for Change of

Venue Pursuant to 28 U.S.C. § 1404, (Doc. 7), is **DENIED** as moot.

Dated this 1st day of May, 2018.

*James A. Teilborg*
Senior United States District Judge